JOHN W. and MARY C. COLEBANK, Petitioners, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Colebank v. Commissioner
Docket No. 3024-75.
United States Tax Court
T.C. Memo 1977-46; 1977 Tax Ct. Memo LEXIS 397; 36 T.C.M. (CCH) 200; T.C.M. (RIA) 770046; February 23, 1977, Filed John W. Colebank, pro se. Robert W. West, for the respondent. QUEALY
MEMORANDUM FINDINGS OF FACT AND OPINION QUEALY, Judge: Respondent determined a deficiency in petitioners' Federal income tax in the amount of $2,896.83 for the taxable year 1972. The only issue for decision is whether the Internal Revenue Service's negotiation of petitioners' check for $500.00 marked as being in full payment of petitioners' 1972 taxes constituted a compromise settlement of petitioners' 1972 income tax liability. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. Petitioners John W. and Mary C. Colebank, husband and wife, filed a joint Federal income tax return for the taxable year *398 1972 with the Director, Internal Revenue Service Center, Memphis, Tennessee. At the time the petition in this case was filed, petitioners resided in Memphis, Tennessee. The facts are basically undisputed. On August 8, 1974, the Internal Revenue Service, hereinafter sometimes referred to as respondent, sent petitioners a Form 1902-E, Report of Individual Income Tax Audit Changes, together with a cover letter, Form L-87 and IRS Publication No. 5 explaining the options available to petitioners to protest a proposed adjustment. The agent's report increased petitioners' tax in the amount of $2,896.83, disallowing a loss claimed from Mr. Colebank's dairy business. On August 19, 1974, petitioners returned the Form 1902-E to the Internal Revenue Service together with a cover letter transmitting petitioners' check for $500.00. In the letter petitioners stated that they found the adjustments to be unacceptable. They stated that they had sought legal counsel, who had advised them that they should withhold any further information and take their case to court. Petitionrs offered the $500.00, which the attorney was going to charge them, in compromise of the amount of the proposed adjustment. *399 Included with the letter was petitioners' check payable to the Internal Revenue Service. The check contained a notation, "1972 Tax Audit Returns Paid in Full." Petitioners' check was negotiated by the Internal Revenue Service and credited to petitioners' account on August 22, 1974. By letter dated September 24, 1974, the Internal Revenue Service notified petitioners that their settlement proposal was unacceptable and their check had been applied as a deposit pending final settlement of the case. The letter also contained a suggestion that Mr. Colebank call the Service to arrange a conference to attempt to resolve the disputed issue. On January 6, 1975, a statutory notice of deficiency was mailed to the petitioners at their home address. By a letter dated March 10, 1975, petitioners requested that the statutory notice of deficiency be withdrawn. Respondent, in a letter dated March 13, 1975, replied that the notice of deficiency could not be retracted and explained that the Service's negotiation of petitioners' check did not operate legally to establish a binding compromise under the principles of Botany Worsted Mills v.United States,278 U.S. 282 (1929), *400 and Victoria R. Johnston, Executrix,19 B.T.A. 630 (1930). The respondent additionally offered to return the petitioners' $500.00 which had been treated as an advance payment or cash bond for the payment of taxes. In a letter dated March 20, 1975, petitioners declined the offer to return the money contending that as that payment settled petitioners' 1972 tax liability the money was no longer theirs. Petitioners filed a petition in the United States Tax Court on April 3, 1975. OPINION Petitioners, in response to their receipt of a 30-day letter from the Internal Revenue Service, offered to compromise the proposed adjustment of $2,896.83 by the payment of $500.00. Included with the offer was petitioners' check for $500.00 which was marked, "1972 Tax Audit Returns Paid in Full." Respondent negotiated this check on August 22, 1974. Petitioners have presented no evidence as to the merits of the loss which respondent determined was not deductible. Petitioners' position is that by negotiating this check and depriving them of the funds they would have used to engage an attorney, the respondent should be prevented from collecting any amount in excess of $500.00. *401 The law on this point is quite clear. As was repeatedly explained to the petitioners, the courts have consistently held that the negotiation by the Internal Revenue Service of a check marked with the phrase "Payment in Full," or similar wording, does not create a binding contractual agreement between the taxpayer and the government. This Court recognizes that normally a creditor, to whom a compromise payment for a disputed claim is made as constituting payment in full of such claim, has the choice of either accepting the payment with the condition or rejecting the offer completely. Where a creditor negotiates a check sent by the debtor with knowledge that it is offered in full satisfaction of a disputed claim, the creditor thereby agrees to the condition and is estopped from denying his acceptance of the agreement. However, the courts have repeatedly held that such a negotiation cannot create an agreement binding on respondent. Botany Worsted Mills v. United States,supra;Hughson v. United States,59 F.2d 17 (9th Cir. 1932), cert. denied 287 U.S. 630 (1932); Victoria R. Johnston, Executrix,supra. *402 The requirements of sections 7121 and 7122 of the Internal Revenue Code of 1954, must be satisfied in order to effectuate a compromise or settlement which will be binding on both the taxpayer and the government. Mary R. Milleg,19 T.C. 395 (1952); see also Sanders v. Commissioner,225 F.2d 629 (10th Cir. 1955), affirming 21 T.C. 1012 (1954), cert. denied 350 U.S. 967 (1956). The record herein indicates that the requirements of neither of these sections were fulfilled in this case. Decision will be entered for the respondent.