**GLAUBER VALVE COMPANY, INC., Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

No. J–C–81–26.

United States District Court,
E. D. Arkansas,
Jonesboro Division.

Jan. 7, 1982.

C. W. Knauts, Piggott, Ark., for plaintiff.

Lawrence Sherlock, Tax Div., Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM AND ORDER

EISELE, Chief Judge.

Pending before the Court is the motion of the defendant, United States of America, to dismiss. Plaintiff, a Nebraska corporation with its principal place of business in Piggott, Arkansas, filed this lawsuit on March 3, 1981, asking the Court to grant a preliminary injunction and to declare that the defendant had accepted its "offer of compromise" for unpaid taxes. Plaintiff has failed to pay its 1979 F.I.C.A. and F.U.T.A. taxes for which it was liable as an employer.

On December 17, 1980, the plaintiff sent to the Commissioner of Internal Revenue a proposed compromise to settle its $114,-931.86 tax liability. The terms of that offer provided that $14,931.86 was to be paid immediately to cover the plaintiff's liability for the period ending December 31, 1979. $10,000.00 was to be paid as a down payment on the remainder of the tax period, with the balance to be paid by 60 monthly payments of $1,500.00. Submitted along with the offer were checks for $14,931.86

and $10,000.00. The checks were submitted by Commercial Technology, Inc. of Dallas, Texas, on the plaintiff's behalf. A letter from Mort Zimmerman, chairman of the board and president of Commercial Technology, accompanied the offer and detailed its provisions.

The two checks were endorsed and deposited by the defendant. On the back of the $14,931.86 check was printed: "Endorsement of this check indicates acceptance of offer and compromise by and between Glauber Valve Co. and the Internal Revenue Service." On the back of the $10,000.00 check was printed: "Endorsement of this check by Internal Revenue Service is pursuant to letter dated December 17, 1980 from Commercial Technology, Inc."

On December 22, 1980, Mr. Joe Woolsley, a revenue officer for the I.R.S., acknowledged receipt of the $14,931.86 check by a letter to Mr. Zimmerman. He stated that the money would be applied to the period ending December 31, 1979, and that "the federal tax lien will be released after 60 days or you may submit a copy of the cancelled check and we will release the lien immediately."

On February 18, 1981, the I.R.S. notified Commercial Technology by letter that the offer in compromise could not be accepted. On February 19, 1981, the I.R.S. served a levy on Prier Brass Company, Inc., to collect whatever money it might owe to the plaintiff. Prior to this time the plaintiff had transferred its equipment to Comtec Glauber Management Company, Inc., in satisfaction of certain debts. They in turn had transferred the equipment previously owned by the plaintiff to Prier Brass Company, Inc. According to the plaintiff's response to the motion to dismiss, the I.R.S. also served notices of levy on Comtec and Commercial Technology on March 17, 1981.

On March 9, 1981, Commercial Technology forwarded a check for $1,500.00 to the I.R.S. On the back of the check was typed: "Endorsement hereof by I.R.S. is in accord-

ance with agreement of offer in compromise by and between Glauber Valve Co. Inc. and Internal Revenue Service originally accepted by I.R.S. on January 6, 1981[1] and constitutes 1st of 60 payments to be made." The check was endorsed and deposited. According to its response to the motion to dismiss, the plaintiff has continued to make the monthly payments of $1,500.00.

■ For two independent reasons, the United States' motion to dismiss is granted. First, there is no basis for subject matter jurisdiction. It is fundamental that the United States is immune from suit unless it specifically waives that immunity. *Affiliated Ute Citizens of Utah*, 406 U.S. 128, 92 S.Ct. 1456, 31 L.Ed.2d 741 (1972). Hence, before the merits of the claim can be considered, there must be statutory authority establishing that the sovereign has consented to be sued and conferring subject matter jurisdiction on the district court. *United States v. Shaw*, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888 (1940).

The plaintiff's complaint advances three jurisdictional grounds. Initially, it is asserted that this case is one arising under the laws of the United States pursuant to the jurisdictional grant of 28 U.S.C. § 1331. As pointed out by the defendant, that statute is only a general grant of jurisdiction and does not purport to authorize suit against the United States without a specific waiver of its sovereign immunity.

Second, the plaintiff relies on 28 U.S.C. § 1346(a)(1) which provides in relevant part:

> The district courts shall have original jurisdiction . . . of: [a]ny civil action against the United States for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal revenue laws.

---

1. The Court is unable to determine what act of acceptance the plaintiff is referring to. In its response to the motion to dismiss, the plaintiff makes the same allegation of a January 6, 1981 acceptance without an explanation. No such allegation is made in the plaintiff's complaint.

The defendant argues that the complaint asks for injunctive and declaratory relief and does not seek the *"recovery"* of an illegally assessed or collected tax—the jurisdictional basis for § 1346(a)(1). The plaintiff, without citing any authority, responds that the levies against the three corporations constitute illegal assessments. In addition, the plaintiff asserts that it is, in effect, seeking a refund by asking for a preliminary injunction which would allow time to file a claim for credit.

The Court is convinced that the plaintiff's complaint cannot reasonably be characterized as a suit for a refund. There is no contention that the tax has in fact been paid, much less that a claim for a refund has been filed with the I.R.S. In its complaint the plaintiff asks the Court for an injunction. As a jurisdictional matter, this Court cannot look beyond the pleadings to construe the plaintiff's complaint as eventually seeking a refund.

■ Regardless of how plaintiff's complaint is construed, the jurisdictional requirements of § 1346(a)(1) have not been met. It is fundamental that where the United States has waived its immunity, such as in § 1346(a)(1), no suit can be maintained without exact compliance with the terms of the statute. *Childers v. United States,* 442 F.2d 1299 (5th Cir. 1971); *Bruno v. United States,* 547 F.2d 71 (8th Cir. 1976) (no action could be maintained under § 1346(a)(1) without payment of the tax). The Supreme Court has held that the district courts do not have jurisdiction of an action by a taxpayer under this section, unless and until he has paid the full amount of the tax assessment. *Flora v. United States,* 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1958), *aff'd on rehearing,* 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960). Thus, even assuming that the plaintiff is seeking a refund, his failure to pay the full amount of the deficiency would preclude this suit. *See also, Boynton v. United States,* 566 F.2d 50 (9th Cir. 1977). As to the levies on the three corporations, the Court doubts whether the plaintiff can assert the rights of third parties in a suit to enjoin the United States from collecting a tax. In any event, the plaintiff has failed to establish that it has paid the balance of the deficiency remaining after the alleged wrongful levies. This again precludes jurisdiction. *See Church of Scientology of Colorado v. United States,* 499 F.Supp. 1085 (D.Col.1980) (a § 1346 suit could not be maintained under a theory of a wrongful levy on the taxpayer's own bank account, where the taxpayer had not paid the balance of the tax due).

As a third ground the plaintiff asserts the inherent equity jurisdiction of this Court. While this Court has broad equitable powers, it cannot create jurisdiction in a suit against the United States where no statutory basis exists.

■ A second independent basis for granting the government's motion to dismiss is found in 26 U.S.C. § 7421, the "Anti-Injunction Act." That statute provides in pertinent part that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." In *Enochs v. Williams Packing Co.,* 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962), the Supreme Court held that § 7421 barred a suit by an employer who sought to enjoin the collection of F.I.C.A. and F.U.T.A. taxes which it alleged it did not owe. To escape the bar of § 7421(a), the Court ruled that the plaintiff had to establish: (1) an independent basis for equity jurisdiction, i.e., irreparable harm and the absence of an adequate remedy at law; *and* (2) that under "no circumstances could the government ultimately prevail." 370 U.S. at 7, 82 S.Ct. at 1129.

The plaintiff has not established the absence of an adequate remedy at law, and thus there is no independent basis for equitable jurisdiction. Plaintiff's position is that it does not owe the full amount of the tax because the government has accepted its offer of compromise. Rather than seek injunctive relief, the plaintiff could pay the deficiency and seek a refund through 28

U.S.C. § 1346(a)(1).[2] The Supreme Court has held that the refund procedure provides an adequate remedy at law, thus invoking the jurisdictional bar of § 7421(a). *Bob Jones University v. Simon*, 416 U.S. 725, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974). This is consistent with the "manifest purpose of § 7421(a) [which] is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund." *Enochs, supra,* 370 U.S. at 7, 82 S.Ct. at 1129. *See also, Thrower v. Miller,* 440 F.2d 1186, 1187 (9th Cir. 1971); *Bauer v. Foley,* 404 F.2d 1215, 1220–1 (2d Cir. 1968).

The plaintiff does not detail what injury is alleged to constitute irreparable harm. In its response to the motion to dismiss, the plaintiff merely relies on cases decided prior to *Enochs* which state that the statutory prohibition against injunctions may be rendered inapplicable upon "unusual or extraordinary circumstances." *Smith v. Flinn,* 261 F.2d 781 (8th Cir. 1958). The Court views that language as nothing more than a restatement of the irreparable harm requirement. While the complaint alleges irreparable harm, there is no recitation of specific facts upon which such a conclusion may be based.

The plaintiff also failed to establish the second showing required to evade § 7421(a). "[T]he question of whether the Government has a chance of ultimately prevailing is to be determined on the basis of the information available to it at the time of the suit. Only if it is then apparent that, under the most liberal view of the law and the facts the United States cannot establish its claim, may the suit for an injunction be maintained." *Enochs, supra,* 370 U.S. at 7, 82 S.Ct. at 1129.

In this case there is a substantial possibility that the government may ultimately prevail on the merits. The central issue is whether the government is bound by the compromise offer submitted by the plaintiff. 26 U.S.C. § 7122 authorizes the Secretary of the I.R.S. or his delegate to compromise any civil or criminal case under the internal revenue laws prior to prosecution by the Department of Justice. Whenever such a compromise is made, the statute further provides that there shall be on file, in any case other than a civil case where the tax is less than $5,000.00, the opinion of the General Counsel for the Department of the Treasury, with his reasons and a statement detailing the amount of tax assessed, the amount of interest and penalties, and the amount actually paid in accordance with the terms of the compromise. It is not disputed that no such opinion was filed in this case. The issue to be resolved is whether the actions and representations of the I.R.S. in this case establish that a compromise agreement was entered into, notwithstanding the non-compliance with § 7122.

The Court starts with the proposition that § 7122 is to be narrowly construed, as it is in derogation of the general rule that the interests of the sovereign in the enforcement of its laws is not something to be contracted or bargained away. *United States v. McCue,* 178 F.Supp. 426 (D.Conn. 1959); *Bowling v. United States,* 510 F.2d 112, *reh. denied,* 512 F.2d 1406 (5th Cir. 1975). Accordingly, it is well recognized that § 7122 provides the exclusive remedy for compromise of tax claims. *Shumaker v. Commissioner of Internal Revenue,* 648 F.2d 1198 (9th Cir. 1981); *Moskowitz v. United States,* 285 F.2d 451 (Ct.Cl.1961); *Yarborough v. United States,* 230 F.2d 56 (4th Cir. 1956), *cert. denied,* 351 U.S. 969, 76 S.Ct. 1034, 100 L.Ed. 1487; *Cabin Creek Consol. Coal Co. v. United States,* 137 F.2d 948 (4th Cir. 1943); *United States v. Goldberg,* 123 F.Supp. 385 (D.Minn.1954); *Country Gas Service Inc. v. United States,* 405 F.2d 147 (1st Cir. 1969); *Cleveland Trust Co. v. United States,* 266 F.Supp. 824 (D.Ohio 1966), *aff'd,* 421 F.2d 475, *cert. de-*

---

**2.** The Court notes that if the taxpayer is financially unable to pay the tax, he may proceed in the Tax Court "to secure a determination of tax liability before payment of the deficiency."

*Flora v. United States, supra,* 362 U.S. at 158, 80 S.Ct. at 637. 26 U.S.C. § 6213. The Tax Court's jurisdiction does not, of course, affect the jurisdictional reach of the District Courts.

*nied,* 400 U.S. 819, 91 S.Ct. 35, 27 L.Ed.2d 46; *Botany Worsted Mills v. United States,* 278 U.S. 282, 49 S.Ct. 129, 73 L.Ed. 379 (1929).

In *Moskowitz v. United States, supra,* the court noted that in view of the "statutory prescription of an exclusive method for compromising tax liabilities, any theory founded on general concepts of accord and satisfaction cannot be utilized to impute a compromise settlement to the agents of the Government." 285 F.2d at 453. In dictum the court noted that even if common law concepts were to apply, the government's deposit of a taxpayer's check accompanying an offer of compromise was not an acceptance of that offer. The check was deposited in a special account, and the amount was refundable on the taxpayer's demand.

In *Colebank v. Commissioner,* 36 T.C.M. (CCH) 200 (1977), the I.R.S. negotiated a check accompanying an offer of compromise and credited it to the taxpayer's account. One month later the I.R.S. notified the taxpayer that the settlement proposal was unacceptable and that the check had been applied as a deposit pending final settlement of the case. Six months later, the I.R.S. offered to refund the money. The court held that no compromise agreement could be created absent strict compliance with § 7122. In so holding the court stated:

> [T]he courts have consistently held that the negotiation by the Internal Revenue Service of a check marked with the phrase "payment in full" or similar wording, does not create a binding contractual agreement between the taxpayer and the government.
>
> This Court recognizes that normally a creditor to whom a compromise payment for a disputed claim is made as constituting payment in full of such claim, has the choice of either accepting the payment with the condition or rejecting the offer completely .... However, the courts have repeatedly held that such a negotiation cannot create an agreement binding on [the government].

In the instant case the government contends that the check for $14,931.86 was applied against the plaintiff's liability because it was submitted in full payment of the tax due for the fourth quarter of 1979. The $10,000.00 check and the $1,500.00 payments have been deposited in a special account and are refundable to the plaintiff, according to the defendant. In its response the plaintiff states that it has not been given notice of any such refund possibility. The Court need not make a factual analysis of whether such notice was given. The government's allegations in the motion to dismiss are sufficient to notify the plaintiff that the payments are refundable on demand.

On the basis of the principles discussed above, the Court concludes that it is at the very least possible that no binding compromise has been reached in this case. Consequently, the Court cannot say that the government has no chance of ultimately prevailing.

The plaintiff contends that this case falls within an express statutory exception. Section 7421(a) specifically excludes from its prohibition suits brought to enjoin the collection of penalties pursuant to 26 U.S.C. § 6672. The plaintiff points out that the I.R.S. has assessed penalties in the amount of $56,715.47. Section 6672(b) provides in pertinent part that:

> If within 30 days after the day on which notice and demand of any penalty under subsection (a) is made against any person, such person—
>
> (A) pays an amount which is not less than the minimum amount required to commence a proceeding in court with respect to his liability for such penalty,
>
> (B) filed a claim for refund of the amount so paid, and
>
> (C) furnishes a bond which meets the requirements of paragraph 3,
>
> no levy or proceeding in court for the collection of the remainder of such penalty shall be made, begun, or prosecuted until a final resolution of a proceeding begun as provided in paragraph (a). Notwithstanding the provisions of section 7421(a), the beginning of such proceeding or levy during the time such prohibition is

in force may be enjoined by a proceeding in the proper court.

It is clear from the pleadings that the plaintiff has not complied with the requirements of this section, i.e., payment of the minimum amount, a claim for refund, and the posting of a bond. This suit was not filed to enjoin the collection of a penalty which was being collected in contravention of the procedures in § 6672. Accordingly, the Court does not consider plaintiff's claims to fall within this exception to the Anti-Injunction Act.

One final note should be made concerning the plaintiff's prayer for declaratory relief. 28 U.S.C. § 2201 gives district courts jurisdiction to grant declaratory relief "except with respect to Federal taxes." It is clear then that this Court has no jurisdiction to grant a declaratory judgment.

It is therefore Ordered that the defendant's motion to dismiss be, and it is hereby, granted.