**Don W. JOHNSON and the Johnson Law Firm, P.C., Plaintiffs,**

v.

**TREASURY DEPARTMENT and the Internal Revenue Service, Defendants.**

Civil No. 1:95–cv–1971–JEC.

United States District Court, N.D. Georgia, Atlanta Division.

Dec. 6, 1995.

William E. Frantz, Frantz Sanders & Grattan, Atlanta, GA, and Donald W. Johnson, Johnson Law Firm, Fayetteville, GA, for plaintiffs.

Jane Wilcox Swift, Office of United States Attorney, Northern District of Georgia, Atlanta, GA and Sean M. O'Connor, U.S. Department of Justice, Tax Division, Washington, DC, pro hac vice, for defendants.

## ORDER

CARNES, District Judge.

This case is presently before the Court on plaintiffs' Motion for Preliminary Injunction [1], defendants' Motion to Dismiss [8] and plaintiffs' Motion to Substitute Parties [13].[1] The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that plaintiff's Motion for Preliminary Injunction should be denied and defendant's Motion to Dismiss should be granted. The Court also concludes that plaintiff's Motion to Substitute Parties should be granted.

## BACKGROUND

This case primarily involves a tax dispute. Individual plaintiff Don. W. Johnson admits that he owes federal employment and income taxes. (Affidavit of Don W. Johnson (herein-

---

1. For purposes of convenience, plaintiff The Johnson Law Firm, P.C. and plaintiff Don W. Johnson will be referred to jointly as "plaintiff." In addition, the Court has determined that the United States is the proper defendant in this action. (See discussion, *supra* at 3–4.) Accordingly, the Treasury Department and the Internal Revenue Service are dismissed as defendants and the United States substituted in their stead.

after "Johnson Aff.") [3] at ¶ 2.) Defendant alleges that the amount owed is upwards of $260,000. (Def.Mot. to Dismiss [8] at 3.) In April of 1994, plaintiff made an offer in compromise to settle the dispute. (Def.Mot. to Dismiss [8] at 3–4; Pl.Resp. to Def.Mot. to Dismiss [12] at 2.) The offer was communicated to Internal Revenue Service (hereinafter "IRS") Agent Gary Jenkins. Plaintiff claims that Agent Jenkins stated that he would present the offer to his superiors but failed to do so.

Defendant claims that the amount offered by plaintiff was a "small fraction" of the taxes owed. (Def.Mot. to Dismiss [8] at 4.) Defendant states that, in an attempt to verify individual plaintiff's ability to pay, it has requested "the names of clients, their case names, and an analysis of each case's value." (Def.Mot. to Dismiss [8] at 4.) Plaintiff Johnson has refused to turn over such information, claiming that the information is protected by the attorney-client privilege. Defendant states that negotiations between the parties have continued for approximately one year from that time. Plaintiff alleges that they did not hear from Agent Jenkins or any other IRS representative for approximately one year.

In April of 1995, the IRS filed Notices of Federal Tax Lien regarding plaintiff's liabilities and informed plaintiff of its intent to seize his assets, including furniture located at plaintiff law firm. Plaintiff has not denied this assertion. On August 4, 1995, the day after the IRS attempted to secure Plaintiff Johnson's consent to enter his law office to seize his furniture, plaintiff filed this Motion for Preliminary Injunction requesting that this Court enjoin defendant from, *inter alia*, (1) seizing furniture from his law office and (2) procuring information which plaintiff Johnson claims is protected by the attorney-client privilege.

## DISCUSSION

I. *Substitution of parties to name proper defendant*

██ In his original complaint, plaintiff named the Internal Revenue Service and the Treasury Department as defendants. (Compl. at 1.) Naming the Internal Revenue Service as a defendant in this action is inappropriate. *See Neary v. Internal Revenue Service*, 1991 WL 341446 (N.D.Ga. June 28, 1991) at *3 (Tidwell, J.) (holding that "[d]esignation of the Internal Revenue Service and/or the individual named government agents does not avoid the sovereign immunity issue.") (citation omitted). Similarly, the Treasury Department is improperly designated as a defendant, as it has neither been constituted by Congress as a body corporate nor been authorized to be sued by its given name. *Castleberry v. Alcohol, Tobacco and Firearms Div. of Treasury Dep't*, 530 F.2d 672, 673 n. 3 (5th Cir.1976). Rather, " '[i]f the relief sought requires payment of monies from the Federal Treasury, interferes with public administration, or compels or restrains the government, the action is deemed to be one against the United States as sovereign.' " *Neary*, 1991 WL 341446 at *3 (citing *State of Fla., Dep't of Business Regulation v. United States Dep't of the Interior*, 768 F.2d 1248 (11th Cir.1985) (citation omitted)).

As plaintiff seeks to restrain the IRS from discovering client information and levying on his furniture, this action is one against the United States. Realizing this, plaintiff subsequently filed a Motion to Substitute Parties naming the United States as defendant in lieu of the IRS and the Treasury Department. (Pl.Mot. to Substitute Parties [13].)

██ Despite the Court's willingness to substitute parties, it is firmly established that the United States is immune from suit in the absence of express consent. *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351–52, 63 L.Ed.2d 607 (1980); *Neary*, 1991 WL 341446 at *4. Without statutory authority waiving immunity, therefore, the district court is powerless to adjudicate an action against the sovereign. *Neary*, 1991 WL 341446 at *4 (citing *McGovern v. United States*, 1988 U.S.Dist. LEXIS 16619 (N.D.Ga. 1988) (citation omitted)). Thus, even where district courts have been granted general jurisdiction over a subject matter, there must be express consent to be sued.[2] *United*

2. In his original complaint, plaintiff cited 28 U.S.C. § 1340, which bestows original jurisdic-

States v. Shaw, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888 (1940). Moreover, "any request for injunctive relief will have to be maintainable without offending the Anti–Injunction Act...." *Neary*, 1991 WL 341446 at *4. After an examination of the record, the Court concludes that plaintiff has presented no valid basis to support the exercise of subject matter jurisdiction and will address each claim for relief in turn.

## II. *Plaintiff's claims for injunctive relief*

### A. Plaintiff's request for an injunction to prevent a levy on his furniture

■ Generally, where the assessment and collection of taxes are at issue, the Anti–Injunction Act precludes a district court from adjudicating the claim. 26 U.S.C. § 7421(a). The purpose of the Act "is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund. In this manner the United States is assured of prompt collection of its lawful revenue." *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962) (footnote omitted). According to the statute, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). The statute provides for several limited exceptions to the general rule against judicial interference in the collection of taxes. For example, a suit may be brought (1) in the tax court for a redetermination of a deficiency pursuant to 26 U.S.C. §§ 6212(a) and (c) and 6213(a); and (2) in the district court pursuant to 26 U.S.C. § 7426(a) and (b)(1) to enjoin a wrongful levy. Plaintiff has asserted, in his response to defendant's Motion to Dismiss, that this court has jurisdiction to issue an injunction to prevent the levy on plaintiff Johnson's furniture pursuant to the exception

provided for by 26 U.S.C. § 7426(b)(1). (Resp. to Def.Mot. to Dismiss [12] at 4.)

■ This statutory exception to the Anti–Injunction Act permits suit against the United States, but applies only to actions brought by nontaxpayers to enjoin a sale or levy where their interests are superior to those of the sovereign. 26 U.S.C. § 7426(b)(1). Plaintiff fails to meet these requirements for at number of reasons. First, if plaintiff law firm is asserting that it may bring this action as the "non-taxpayer," it loses on the ground that it clearly does not have a superior interest in the furniture as compared to the United States. Plaintiff law firm has *no* interest whatsoever in these assets, as it simply does not own the furniture in question. The government, on the other hand, has an interest in the property as a creditor, because plaintiff Johnson has failed to pay federal taxes admittedly owed. Second, while Plaintiff Johnson, as the owner of the furniture has an interest in the property, he, as the taxpayer, may not bring suit under this exception according to the plain language of the statute. *See* 26 U.S.C. § 7426(a). Third, " 'the IRS must have made an actual "levy" upon the property in question; a threatened levy is insufficient ...' " to invoke jurisdiction under section 7426. *Herndon v. United States*, 1993 WL 327845 (S.D.Ga. April 19, 1993) at *3 (quoting *Interfirst Bank Dallas v. United States*, 769 F.2d 299, 304 (5th cir. 1985)).

■ The Eleventh Circuit has recognized another exception, derived from the Supreme Court's opinion in *Enochs v. Williams Packing & Navigation Co.*, permitting the district court to enjoin the collection of taxes under discrete circumstances. *Williams Packing*, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962). To meet this exception, it must be demonstrated that "(1) under no circumstances could the government ultimately prevail on its tax claim and (2) equity jurisdiction otherwise exists; either ground being

---

tion over civil actions "arising under any Act of Congress providing for internal revenue." Notwithstanding this grant of jurisdiction, plaintiff must still show that the United States has waived its sovereign immunity. *Glauber Valve Co. v. United States*, 536 F.Supp. 68, 69 (E.D.Ark.1982).

*See also, United States v. Shaw*, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888 (1940). Accordingly, reliance on this statute is misplaced. As plaintiff has failed to demonstrate the sovereign's waiver of immunity, jurisdiction may not properly be based on this statute.

conclusive." *Mathes v. United States*, 901 F.2d 1031, 1033 (11th Cir.1990) (citing *Williams Packing*, 370 U.S. at 6–7, 82 S.Ct. at 1128–29; *Bowen v. United States*, 331 F.2d 149, 150 (5th Cir.1964) (per curiam)).

As plaintiff has not alleged any proper statutory basis for this court's exercise of jurisdiction to enjoin the levy, plaintiff may only prevail if he meets the two requirements of the *Williams Packing* test.[3] *Mathes*, 901 F.2d at 1033; *Kemlon Prod. & Dev. Co. v. United States*, 638 F.2d 1315, 1320 (5th Cir.)[4] (citing *Enochs v. Williams Packing Co.*, 370 U.S. at 6, 82 S.Ct. at 1128–29), *cert. denied*, 454 U.S. 863, 102 S.Ct. 320, 70 L.Ed.2d 162 (1981).

As stated above, plaintiff must show that the government has no possibility of prevailing on its claim and that equitable jurisdiction otherwise exists. Plaintiff Johnson has admitted that he is indebted to the government for failure to pay federal employment and income taxes. (Johnson Aff. [3] at ¶ 2.) Clearly, then, the government will more than likely prevail on the merits of a tax assessment claim. Essentially, plaintiff Johnson is not disputing the *fact* that taxes are owed, but is instead arguing that the *manner* of collection must be enjoined so as to prevent irreparable harm. As the Supreme Court has observed, however, one cannot circumvent the Anti–Injunction Act simply by alleging irreparable injury if the tax were collect-

ed. *See Bob Jones Univ. v. Simon*, 416 U.S. 725, 745, 94 S.Ct. 2038, 2050, 40 L.Ed.2d 496 (1974) (quoting *Williams Packing*, 370 U.S. at 6, 82 S.Ct. at 1128–29). Moreover, the *Williams Packing* test does not appear to contemplate an exception to the Anti–Injunction Act where it is the manner of collection that is challenged.

As plaintiff has failed to satisfy the first prong of the test, there is no need to proceed further in this analysis. The Court concludes that it is bound by the Anti-injunction Act and is, therefore, without jurisdiction to enjoin the IRS's collection of taxes via a levy on plaintiff Johnson's furniture.[5] Notwithstanding the fact that the Court cannot issue an injunction to prevent the government from levying on plaintiff Johnson's furniture at the firm office, the Court notes that plaintiff's offer to remove the furniture to a location outside of the office where the IRS may claim it, so as to prevent disruption within the office, seems reasonable and entirely appropriate.

**B. Injunction against the IRS to prevent disclosure of client information**

Plaintiff also seeks an injunction, claiming the attorney-client privilege, to prevent defendant from procuring information about his clients. Defendant contends that with respect to this claim: (1) the Anti–Injunction Act deprives this Court of juris-

---

**3.** Plaintiff asserts that he is seeking an injunction so as to prevent the IRS from conducting an unreasonable search and seizure in violation of the Fourth Amendment. Plaintiff has alleged that the IRS' action in initiating the levy is merely a pretext for entering into plaintiff law firm's office for the purpose of gathering information on firm clients. (*See* Reply to Def.Mot. to Dismiss [12] at 2.) Plaintiff presents no evidence that the IRS has indicated that it will unilaterally seize plaintiff's records upon gaining access to plaintiff law firm's office. Plaintiff has instead offered affidavits stating that plaintiff Johnson and his accountant believe that the value of the furniture upon which the Service wishes to levy is of little worth, and, therefore, the plan to levy is ill-motivated. (*See* First Affidavit of David A. Daniel (hereinafter "First Daniel Aff.") at ¶ 7 attached to Pl.Mot. for Prelim.Inj. [6]; Johnson Aff. [3] at ¶¶ 7, 12.)

Such opinions alone do not warrant court intervention under the law, however. The Court does not doubt the sincerity of the affiants, but,

in the absence of any evidence that the IRS intends to take plaintiffs' files in the process of completing the levy on the furniture, judicial intercession would clearly be premature.

Moreover, the Fourth Amendment clearly forbids the very acts that plaintiff fear. A court-issued injunction can offer no more protection against an illegal search and seizure than the Constitution, at this point in time.

**4.** In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit Court of Appeals handed down prior to the close of business on September 30, 1981.

**5.** Similarly, the Court finds that it has no authority to "requir[e][ ] defendant[ ] to recognize plaintiff Don W. Johnson's exemption from levy of his books and tools of his trade." (*See* Compl. at 4.)

diction to issue an injunction; (2) that plaintiff has not demonstrated that the United States has waived its sovereign immunity; and (3) that the information sought is not protected by such a privilege. The Court finds that pursuant to the Anti–Injunction Act, it lacks subject matter jurisdiction to entertain the merits of plaintiff's claim. Moreover, even if plaintiff's claim were distinguishable from one seeking to restrain the assessment and collection of taxes, rendering the Anti–Injunction Act inapplicable, the Court still finds an absence of subject matter jurisdiction on two separate grounds: (1) plaintiff has not demonstrated that defendant United States has waived its sovereign immunity; and (2) plaintiff's claim is not ripe for adjudication, as the IRS has yet to issue a summons to compel plaintiff Johnson to produce information about his clients. Finally, the Court notes that no such privilege exists to prevent the IRS from discovering the information it seeks.

### 1. Anti–Injunction Act denies this court subject matter jurisdiction

As stated above, plaintiff contends that 26 U.S.C. § 7426(e), a statutory exception to the Anti–Injunction Act, supports subject matter jurisdiction in this Court. This Section is clearly irrelevant to this aspect of plaintiff's suit, as it pertains exclusively to a wrongful levy. As plaintiff essentially seeks to enjoin the IRS from investigating records for the purpose of tax collection, the Court finds that the Anti–Injunction Act bars Court intervention. *See Sloan v. United States,* 1991 WL 311898 (N.D.Ga. Oct. 30, 1991) at *2 ("To fall within the prohibition of the Anti–Injunction Act, it is not necessary that the taxpayer's suit seek directly to enjoin the assessment or collection of a tax; the prohibition extends to suits, the effect of which would be to enjoin tax collection or assessment of a tax.") (citing *Bob Jones Univ. v. Simon,* 416 U.S. 725, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1973)).

### 2. Plaintiff has failed to demonstrate that the United States has waived sovereign immunity

Even if plaintiff had succeeded in persuading the Court that his request for relief did not amount to a restriction of the collection of tax, thus avoiding the application of the Anti–Injunction Act, he failed to sufficiently allege subject matter jurisdiction on an alternative basis. The Court has previously determined that plaintiff's reliance on 28 U.S.C. § 1340 is unavailing, as the United States has not expressly waived its immunity with regard to plaintiff's claims for injunctive relief. As plaintiff has failed to articulate any evidence of the sovereign's waiver of immunity, the Court lacks jurisdiction to entertain his claim to enjoin the government from learning certain information about plaintiff's clients.

### 3. Plaintiff's claim is not ripe for adjudication

 Alternatively, the Court concludes that plaintiff's request to enjoin the IRS from compelling client names and estimated case values is not ripe for adjudication. Pursuant to 26 U.S.C. § 7602, the Secretary of the Treasury, "[f]or the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax ... or collecting any such liability," has the authority, *inter alia,* "(1) [t]o examine any books, papers, records, or other data which may be relevant or material to such inquiry;[6] [and] (2) [t]o summon the person liable for tax or required to perform the, or any officer or employee of such person ... to appear before the Secretary ... and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry." 26 U.S.C. § 7602(a). Neither side has indicated that the IRS has issued a summons to plaintiff. In fact, defendant has stated that it specifically does not seek an order from this Court compelling plaintiff to produce the requested information. (Def.Mot. to Dismiss [8] at 10.)

 Further, such a summons is non-self-executing, requiring a court order to enforce it. 26 U.S.C. § 7604; *Reisman v. Cap-*

---

6. Plaintiffs argue that because the records are those of the law firm, the government may not seek to view them. Clearly, the plain language of 26 U.S.C. § 7602 authorizes the Secretary to examine *any* records which may be relevant or material to the inquiry. 26 U.S.C. § 7602(a)(1).

*lin*, 375 U.S. 440, 445–46, 84 S.Ct. 508, 511–12, 11 L.Ed.2d 459 (1964). Once a summons has been issued, the interested party may challenge the summons before a hearing officer. *Reisman*, 375 U.S. at 445, 84 S.Ct. at 511. It is only when the IRS issues a summons and seeks to have a court enforce its terms, that plaintiff may raise his objections. Thus, until a summons has been issued, the Court has no basis for entertaining plaintiff's objections to the IRS' request for information. Plaintiff's request for injunctive relief on this issue is therefore dismissed.

### 4. *Attorney-client privilege does not protect against disclosure of information sought by IRS*

▮ Lastly, the Court notes that the attorney-client privilege is not implicated by the government's request for information, despite plaintiff's contentions otherwise. As the party seeking to invoke the privilege, plaintiff "has the burden of establishing the existence of the attorney-client relationship and the confidential nature of the communication." *In re Grand Jury Proceedings in Matter of Freeman*, 708 F.2d 1571, 1575 (11th Cir.1983). The Court finds that Plaintiff has failed to shoulder his burden.

▮ Plaintiff Johnson asserts that he has complied with agent Jenkin's request for information as far as is ethically possible. He claims that should he disclose further information, he would be guilty of an ethical violation under Standard 28 of Bar Rule 4–102, punishable by disbarment. (*See* Advisory Opinion Letter from the State Bar of Georgia at Ex. A attached to Johnson Aff. [3].) It has been established, however, that "questions of attorney-client privilege in this circuit are governed by federal common law." *In re Grand Jury Proceedings 88–9 (MIA)*, 899 F.2d 1039, 1044 (11th Cir.1990). " 'Under F.R.CRIM.P. 26, the principles of the common law ... govern over state law in matters of evidence, which includes privileges.' " *Id.* (quoting *United States v. Jones*, 517 F.2d 666, 670 (5th Cir.1975)). Thus, as a preliminary matter, the Court concludes that Georgia's Rules do not bar disclosure of plaintiff's clients' names and his receipt of fees, as it is federal law that is relevant to the determination of whether such information is privileged. *Id.* at 1042–43 (citation omitted). Moreover, even if the determination of privilege were governed by state law, " 'a communication to an attorney would not be considered confidential unless it was made in the process of obtaining legal advice; and fee arrangements between attorney and client do not satisfy this requirement in the usual case.' " *United States v. Leventhal*, 961 F.2d 936, 940 (11th Cir.1992) (quoting *United States v. Goldberger & Dubin, P.C.*, 935 F.2d 501, 505 (2nd Cir.1991)).

The Eleventh Circuit has determined that disclosure of a client's name and fee arrangement is not privileged, subject to a narrow exception called the "last link" doctrine. *Id.* at 940; *In re Grand Jury Proceedings 88–9 (MIA)*, 899 F.2d 1039, 1044 (11th Cir.1990); *In re Grand Jury Proceedings in Matter of Freeman*, 708 F.2d 1571 (1983). Under this limited exception, a client's identity *may* be protected because " 'it may well be the link that could form the chain of testimony necessary to convict an individual of a federal crime.' " *In re Grand Jury Proceedings 88–9 (MIA)*, 899 F.2d at 1043 (quoting *Baird v. Koerner*, 279 F.2d 623, 633 (9th Cir.1960)). Similarly, if " 'the disclosure of fee information would give the identity of a previously undisclosed client/suspect ...,' " the protection of the attorney-client privilege may be extended. Thus, the doctrine is designed to protect non-privileged communications, such as a client's identity, where divulging such information "would disclose *other*, privileged communications (e.g., motive or strategy) and when the incriminating nature of the privileged communications has created in the client a reasonable expectation that the information would be kept confidential.' " *Id.* at 1043 (emphasis in original) (quoting *Rabin v. United States*, 896 F.2d 1267, 1273 (11th Cir.1990)).

As this circuit recognizes no attorney-client privilege to conceal a client's identity or fee arrangement, plaintiff must meet the exception provided for by the "last link" doctrine. Instead of presenting facts that would demonstrate that disclosure of either the identity of his clients or valuations of their cases would be the "last link" to privileged

information, however, plaintiff has simply made a blanket assertion of attorney-client privilege:

> Plaintiff Don W. Johnson and The Johnson Law firm, P.C. ... are prevented from giving [ ] the names and secrets of their clients by rules and regulations of the State Bar of Georgia [ ]. These rules have the force of law and are administered by The Supreme Court of the State Of Georgia a sovereign State of the United States of America. Plaintiff Don W. Johnson is obligated and required to obey this authority and may not provide this information to the government of the United States. To do so would violate the constitutional rights of his clients.

(Compl. at ¶ 7.) Such an broad assertion, however, is improper. *See United States v. Finley*, 434 F.2d 596, 597 (1970) ("utilization of [blanket] assertion of privilege[ ] ... is unacceptable and improper ... and a claim to the contrary borders on the caviler (sic).") (citations omitted).

Plaintiff has made the legal argument that disclosure would violate the attorney-client privilege, but has failed to assert facts demonstrating that disclosure of the identity of any of his clients would be incriminating or lead to disclosure of actual privileged communications. While one could perhaps conceive of a situation where disclosure of a case's worth might reveal an attorney's strategy, which, in turn, may be privileged, plaintiff has raised no such argument. As stated above, the IRS has requested information from plaintiff, but has not issued any type of summons to compel production of such information. The issuance of an injunction against the government would be, at the very least, premature.[7]

## C. Offer in Compromise

Plaintiff has requested that the Court issue "a temporary restraining order, a temporary injunction and a permanent injunction ... requiring the defendants to either grant or deny Plaintiff Don W. Johnson's Offer In Compromise and if denied to allow him the rights of appeal allowed any good faith offer...." (Compl. at ¶ 8.) Plaintiff fails to allege any basis upon which the Court can rest jurisdiction, however. The Court agrees with defendant's assertion that the Anti–Injunction Act applies to bar plaintiff's claim, as plaintiff is seeking to prevent the IRS from gaining information in pursuit of tax collection. 26 U.S.C. § 7421(a). Although attempting to position its case within an exception to the Anti–Injunction Act, plaintiff has not sufficiently alleged facts supporting jurisdiction.

Plaintiff complains that the government refuses to accept or reject his offer. Without the information requested, however, the IRS is not in a position to do so. The parties are essentially at an impasse. If the IRS issues a summons to compel the production of information, plaintiff can raise his objections to the disclosure of client information at a hearing to enforce the summons. The Court finds, therefore, as plaintiff has presented no proper basis for subject matter jurisdiction, that the Anti–Injunction Act precludes a ruling on the merits of this claim. *See Glauber Valve Co. v. United States*, 536 F.Supp. 68, 70–72 (E.D.Ark.1982) (holding that Anti–Injunction Act deprived court of jurisdiction to issue declaration that government had accepted plaintiff's offer in compromise).

## CONCLUSION

For the foregoing reasons, plaintiff's Motion for Preliminary Injunction [6] is **DE-**

---

7. Finally, in response to plaintiff's expressed fear that information about his clients would become available to the opposing party, the Court notes that pursuant to 26 U.S.C. § 6103(a), "[r]eturns and return information shall be confidential...." A return is defined as:

> any tax or information return, declaration of estimated tax, or claim for refund required by, or provided for or permitted under, the provisions of this title which is filed with the Secretary by, on behalf of, or with respect to any person, and any amendment or supplement thereto, including supporting schedules, at-

tachments, or lists which are supplemental to, or part of, the return so filed.

26 U.S.C. § 6103(b)(1). Return information includes:

> any part of any written determination or any background file document relating to such written determination ... which is not open to public inspection under section 6110.

*Id.* at § 6103(b)(1)(B). There is extremely little likelihood, therefore, that plaintiff's clients' information would get into the hand of the opposing party as plaintiff contends.

NIED; defendant's Motion to Dismiss [8] is GRANTED; plaintiff's Motion to Substitute Parties [13] is GRANTED.

SO ORDERED.